**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2191-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TRAVIS DANIELS,

     Defendant-Appellant.

_____

Submitted May 12, 2022 – Decided June 20, 2022

Before Judges Mitterhoff and Alvarez.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 13-11-2835, 13-11-2839 and 13-11-2840.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Travis Daniels appeals from a June 9, 2020 order denying his petition for post-conviction relief (PCR) without a hearing. After a careful review of the record and the governing legal principles, we affirm, substantially for the reasons set forth in Judge Mayra V. Tarantino's thorough and thoughtful written opinion. We add the following remarks.

On November 8, 2013, an Essex County grand jury returned three indictments against defendant. On January 15, 2015, defendant and his counsel appeared before Judge Robert Gardner to plead guilty. Defendant entered pleas of guilty under Indictment No. 13-11-2835 to six counts of first-degree robbery; one count of first-degree carjacking; two counts of second-degree aggravated assault; two counts of second-degree conspiracy to commit robbery; and one count of second-degree conspiracy to commit carjacking. Under Indictment No. 13-11-2839, defendant pleaded guilty to two counts of first-degree robbery; two counts of first-degree carjacking; and two counts of second-degree conspiracy to commit carjacking. In addition, defendant pleaded guilty under Indictment No. 13-11-2840 to one count of third-degree conspiracy to commit aggravated assault. At his plea hearing, defendant testified that he was pleading guilty because he was "in fact, guilty" of the charges; no one had forced or threatened him to plead guilty; he was "thinking straight and clear" at the time of the plea;

he had sufficient time to speak with his attorney about the matter; and he was satisfied with the services he received from his attorney on the cases.

On April 7, 2015, defendant's trial counsel filed a motion to withdraw defendant's plea because, as indicated in the Presentencing Report, defendant "didn't recall the instant offenses." On May 4, 2015, Judge Gardner rendered a thorough oral decision, denying defendant's motion. After denying defendant's motion to withdraw his plea, the judge followed the terms of the negotiated plea and sentenced defendant to an aggregate eighteen-year term, subject to NERA. The complete factual record is detailed in our opinion affirming the judge's denial of defendant's motion to withdraw his plea and defendant's sentence. See State v. Daniels, No. A-5486-14 (App. Div. Jan. 9, 2017) (slip op. at 1-7).

On April 1, 2019, defendant filed a pro se petition for PCR, alleging ineffective assistance of counsel. Specifically, defendant argued his trial counsel pressured him to plead guilty and failed to investigate his claim of innocence for some of the charges. On September 16, 2019, defense counsel supplemented defendant's petition with an additional affidavit and a letter brief. On June 9, 2020, the PCR judge denied defendant's PCR in its entirety, without an evidentiary hearing, in an order and written decision. This appeal followed.

On appeal, defendant presents the following argument for our consideration:

POINT I

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We review the denial of a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'" State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

Where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div.

4

2010) (alteration in original) (quoting Harris, 181 N.J. at 421). We also review de novo the legal conclusions of the PCR judge. Harris, 181 N.J. at 415-16 (citing Toll Bros., 173 N.J. at 549).

A defendant seeking PCR must establish "by a preponderance of the credible evidence" that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Ineffective assistance of counsel claims must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was also adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To set aside a guilty plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases, and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (internal quotation marks omitted) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). "[A]

petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014). Moreover, the "defendant must allege specific facts and evidence supporting his allegations" and "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

Guided by these legal principles, we discern no abuse of discretion requiring reversal. As Judge Tarantino set forth in in her opinion, both of defendant's claims are bald assertions unsupported by any competent evidence. See Porter, 216 N.J. at 355; see also State v. Cummings, 321 NJ. Super. 154, 170 (App. Div. 1999). Moreover, his claims are directly contradicted by the transcripts of his sworn testimony at the plea hearings, at which he admitted he was guilty of the charges, expressed satisfaction with counsel, and denied that anyone forced or threatened him to plead guilty.

Regarding defendant's claim that his trial counsel pressured him to plead guilty, the judge correctly found that trial counsel was obligated to advise defendant of his maximum exposure of 415 years[1] and successfully negotiated a lenient eighteen-year sentence. Given the multiple counts under multiple indictments, defendant effectively faced life in prison, and advising him of his potential exposure was not coercion. We agree with the judge's finding that defendant's counsel vigorously and effectively represented defendant, especially given his own incriminating statements to the police in which he provided specific details about the crimes that would be unknown to anyone not involved in the crimes.

Regarding defendant's claim that his trial counsel failed to investigate his claim of innocence for some of the charges, the judge properly determined that defendant failed to indicate what an investigation would have revealed and failed to provide supporting affidavits or certifications. see Porter, 216 N.J. at 353 ("[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of

---

[1] At the plea hearing, defendant was informed that his maximum exposure was 305 years. We conclude that this distinction would not make a difference because 305 years is still significant.

the affiant or the person making the certification."). The judge astutely noted that defendant instead relied on nothing other than his unsupported contention that he did not commit some of the crimes. We discern no reason to second-guess the judge's findings, which are amply supported by the record.

Finally, as the judge correctly concluded, defendant cannot establish that but for trial counsel's alleged errors, he would not have pleaded guilty, as no rational defendant would have insisted on going to trial given the lengthy exposure he faced. see O'Donnell, 435 N.J. Super. at 371.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION